Scott Maurer (CSB #180830)
James Lindfelt (CSB #275352)
ALEXANDER COMMUNITY LAW CENTER
1030 The Alameda
San José, CA 95126
Phone: (408) 288-7030
Fax: (408) 288-3581

Attorneys for Plaintiff, Blanca Santos

**FILED**

JUN 03 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

BLANCA SANTOS,

    Plaintiff,

    v.

LVNV FUNDING, LLC,
THE BRACHFELD LAW GROUP, PC, and
ERICA BRACHFELD,

    Defendants.

Case No. CV11-02683 PSG

**COMPLAINT**

**JURY TRIAL DEMANDED**

### INTRODUCTION

1. BLANCA SANTOS is a single mother with limited income. When LVNV FUNDING sued SANTOS in State court, SANTOS contacted the BRACHFELD LAW GROUP and entered into a settlement agreement. Ms. SANTOS proceeded to make all the payments called for by the settlement agreement. Rather than dismissing the case with prejudice, Defendants proceeded - without any warning - to take a default and to attempt to levy on Ms. SANTOS's bank account and garnish her wages. This action is brought to redress those unfair debt collection practices.

COMPLAINT

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) (the Federal Fair Debt Collection Practices Act) & 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## III. VENUE

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

4. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

## V. PARTIES

5. Plaintiff BLANCA SANTOS (hereafter SANTOS ), is a natural person residing in Santa Clara County, California and is a consumer as defined by 15 U.S.C. §1692a(3), and a debtor as defined by Cal. Civ. Code §1788.2(h).

6. Defendant LVNV FUNDING LLC (hereafter LVNV ) is, and at all times mentioned herein was, a Delaware Limited Liability Corporation. LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6) and by Cal. Civ. Code §1788.2(c).

COMPLAINT 2

7. Defendant BRACHFELD LAW GROUP, PC ( BLG ) is, and at all times mentioned herein was a professional corporation organized under the laws of the State of California doing business in the State of California. BLG is a debt collector as defined by 15 U.S.C. §1692a(6) and by Cal. Civ. Code §1788.2(c).

8. Defendant ERICA BRACHFELD ( BRACHFELD ) is an individual doing business in the state of California. BRACHFELD is a debt collector as defined by 15 U.S.C. §1692a(6). Any future reference to Defendants refers collectively to all three defendants.

## VI. FACTUAL ALLEGATIONS

9. SANTOS had a consumer credit card account which became delinquent. The account was assigned to LVNV, which eventually filed a collection action in the Santa Clara County Superior Court, Case No. 108cv124270 (hereafter, the State Court action ).

10. Soon after receiving the complaint in the State Court action, SANTOS telephoned BLG, and was able to work out a payment plan to resolve the alleged debt by making five payments of $100 each. At the time of the telephone call referenced herein, there was a bona fide dispute between SANTOS and LVNV as to the true amount owing.

11. Under the terms of the afore-mentioned agreement, SANTOS provided BLG with her bank account information - including routing numbers - and provided BLG with five check numbers. The parties agreed that BLG would use the banking information to deduct $100 from SANTOS s bank account on the following dates: October 31, 2008, November 30, 2009, December 31, 2009, January 31, 2009, and February 28, 2009.

12. During the afore-mentioned settlement discussions a BLG representative told

SANTOS several times that if she made the payments she would not need to go to court, that the debt would be resolved, and that she should disregard the summons.

13. SANTOS made the five payments outlined in the letter and considered the debt resolved.

14. Defendants knew that SANTOS had completed her payment plan on or about February 28, 2009.

15. On September 23, 2009, seven months after SANTOS completed the payment plan, Defendants filed a Request for Entry of Default and were granted an Entry of Default in the State Court Action. The next day LVNV was granted a default judgment, in the amount of $4,210.75.

16. SANTOS never received a copy of the Request for Entry of Default although BRACHFELD declared that a copy was sent to her.

17. On or about March 2, 2010 Defendants caused SANTOS s bank account to be levied. SANTOS s bank charged her a fee for processing the levy. Defendants knew or should have known that at the time they levied on SANTOS s account that SANTOS had fulfilled all her obligations under the aforementioned settlement agreement.

18. In or around October of 2010 Defendants served an earnings withholding order on SANTOS s employer.

19. The taking of the default, the bank levy, and the wage garnishment constituted a continuing pattern and course of conduct as opposed to unrelated discrete acts.

20. The afore-mentioned course of conduct caused SANTOS emotional distress.

21. The judgment in the State Court action was set aside on or about May 3, 2011.

22. Until the State Court judgment was set aside, Santos was legally restrained from

filing this action under the Rooker-Feldman doctrine and/or state law res judicata and/or claim preclusion rules.

### FIRST CAUSE OF ACTION
Federal Fair Debt Collection Practices Act.
15 U.S.C. §1692 *et seq.*
(Asserted Against All Defendants)

23. SANTOS alleges and incorporates by reference each and every allegation set forth above.

24. Defendants violated 15 U.S.C. §§ 1692e(2)(A) and e(10), by representing that Ms. SANTOS owed a debt which Cross-Defendants knew was not owing.

25. Defendants violated 15 U.S.C. §1692d by engaging in conduct that had the natural consequences of harassing, oppressing, and abusing Ms. SANTOS.

26. Defendants violated 15 U.S.C. §§ 1692f and f(1) by attempting to collect additional fees and interest, in addition to the full amount already paid by Ms. SANTOS, in contravention to the parties settlement agreement.

27. As a direct and proximate result of Cross-Defendant s violations of the consumer protections afforded by 15 U.S.C. §1692 *et seq.* Ms. SANTOS is entitled to recover actual damages and statutory penalties in such amounts as the court may allow, as well as reasonable attorney fees and costs of suit pursuant to 15 U.S.C. §1692k.

## SECOND CAUSE OF ACTION
Rosenthal Fair Debt Collection Practices Act.
Cal. Civ. Code § 1788 *et seq.*
(Asserted Against LVNV and BLG)

28. Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all other paragraphs.

29. Defendants violated Cal. Civil Code §1788.17 by violating the Federal Fair Debt Collection Practices Act as set forth in detail in the First Cause of Action above.

30. Defendants violated Cal. Civil Code §1788.13(c) by communicating with SANTOS in the name of an attorney, upon stationery or like written instruments bearing the name of the attorney, despite the fact that no attorney approved or authorized such a communication.

31. Defendants violated Cal. Civil Code §1788.14(b) by attempting to collect charges (e.g. attorney s fees) not permitted by law because Defendants entered into a settlement agreement with SANTOS and SANTOS made all payments pursuant to that agreement.

32. The foregoing violations were committed willfully and knowingly.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this court:

**With respect to First Cause of Action (Violations of 15 U.S.C. § 1692)**

a. Award statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A)

b. Award actual damages of not less than $4,069 pursuant to 15 U.S.C. §1692k(a)(1)

c. Award reasonable attorney s fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

d. Award any such other relief that the court deems proper

**With respect to Second Cause of Action (Violations of California Civil Code §1788)**

a. Award statutory damages in the amount of $2,000 pursuant to California Civil Code § 1788.30(b) and Cal. Civ. Code § 1788.17

b. Award actual damages of not less than $4,069 pursuant to 15 U.S.C. §1788.30(a)

c. Award court costs and reasonable attorney s fees pursuant to Cal. Civ. Code § 1788.30(c)

d. Award any such other relief that the court deems proper.

Respectfully Submitted,    ALEXANDER COMMUNITY LAW CENTER

Dated  5/20/11

Scott Maurer  (C.S.B. #180830)

COMPLAINT                                                                                                         7

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff BLANCA SANTOS demands a trial by jury in this action.

ALEXANDER COMMUNITY LAW CENTER

Dated: May 27, 2011

_____
Scott Maurer (C.S.B. #180830)