UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLANCA SANTOS, | Case No.: 5:11-CV-2683 EJD |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| LVNV FUNDING, LLC, ET AL., | **(Re: Docket No. 8)** |
| Defendants. | |

Pending before the court is Defendants LVNV Funding, LLC ("LVNV"), Brachfeld Law Group, P.C. ("BLG") and Erica Brachfeld's motion to dismiss Plaintiff Blanca Santos's ("Santos") Complaint. The court finds this motion appropriate for determination without oral argument. See Civil L.R. 7-1(b). For the reasons discussed below, the motion is DENIED.

**I. BACKGROUND**

According to the Complaint, Santos became delinquent on a consumer credit card account assigned to LVNV, and LVNV filed a collection action against Santos in Santa Clara County Superior Court. Compl. ¶ 9. Santos called BLG and worked out a payment plan to resolve the debt. Id. ¶ 10. BLG informed Santos that if she made the agreed upon payments, she would not need to go to court and could disregard the summons. Id. ¶ 12. Santos completed the payments on or about February 28, 2009, and Defendants had knowledge of that fact. Id. ¶¶ 13-14.

1

Case No.: 5:11-CV-2683 EJD
ORDER DENYING MOTION TO DISMISS

On September 23, 2009, despite the completed settlement, Defendants filed a Request for Entry of Default in the state court action. Id. ¶ 15. Default was entered and default judgement was granted in the amount of $4,210.75. Id. On or about March 2, 2010, Defendants caused Santos's bank account to be levied, and Santos was charged a fee for processing the levy. Id. ¶ 17. In or around October 2010, Defendants served an earnings withholding order on Santos's employer. Id. ¶ 18. The judgment was set aside on or about May 3, 2011. Id. ¶ 21. Defendants then filed a dismissal without prejudice. See Motion to Dismiss at 5:21-22, ECF No. 8.

On June 3, 2011, Santos filed her Complaint in this action alleging that Defendants (1) violated the Federal Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, by representing that Santos owed a debt that Defendants knew was not owed, by engaging in conduct that had the natural consequences of harassing, oppressing, and abusing Santos, and by attempting to collect additional fees and interest in contravention to the settlement agreement, and (2) violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, by violating the Federal Fair Debt Collection Practice Act as set forth above, by communicating with Santos in the name of an attorney without the approval or authorization of any attorney, and by attempting to collect charges not permitted by law. Compl. at 5-6.

On July 29, 2011, Defendants filed this motion to dismiss Santos's Complaint on the basis that retraxit, Rooker-Feldman, and litigation privilege are all complete bars to this action. On August 12, 2011, Santos filed her opposition to the motion. No reply brief has been filed.

## II. DISCUSSION

**A. Retraxit**

"In common law, a retraxit was 'a voluntary renunciation by plaintiff in open court of his suit and cause thereof, and by it plaintiff forever loses his action.' In California, the same effect is now accomplished by a dismissal with prejudice." Aerojet-General Corp. v. Commercial Union Ins. Co., 65 Cal. Rptr. 3d. 803, 814 (Ct. App. 2007) (citing Morris v. Blank, 94 Cal. App. 4th 823, 828 (App. Ct. 2001)). "Under the doctrine of retraxit, '[w]here the parties to an action settle their dispute and agree to a dismissal, it is a retraxit and amounts to a decision on the merits and as such is a bar to further litigation on the same subject matter between the parties.' The doctrine has been

applied to cases . . . where one party dismisses an action with prejudice, and the other party seeks further litigation on the same subject matter." Morris, 94 Cal. App. 4th at 828 (citing Datta v. Staab, 173 Cal. App. 2d 613, 621 (App. Ct. 1959)).

Defendants argue that because their claims against Santos were dismissed and Santos was awarded costs in the state court action, retraxit applies to her claims in this action. Defendants, however, have made no argument, much less presented any evidence, as to how Santos's claims for unfair debt collection practices constitute further litigation of the same subject matter decided in the state court action. Furthermore, Defendants dismissed their claims in state court without prejudice and have failed to cite any authority supporting its argument that retraxit applies to claims dismissed without prejudice.

Accordingly, Santos's Complaint is not barred by retraxit.

B.  Rooker-Feldman

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The doctrine prevents litigants from attacking a state court judgment by filing a subsequent federal lawsuit, "no matter how erroneous or unconstitutional the state court judgment may be." Kelly v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008).

Although the judgment Defendants obtained on its state court claims was set aside, Defendants argue that this federal action is based on harm resulting from that judgment. It appears that some of the injury alleged in the Complaint resulted from the state-court judgment that has been set aside. The Complaint, however, alleges violations based on Defendants' conduct in pursuing that judgment in violation of a settlement; the Complaint does not ask the court to review or to reject the state court's judgment.

Accordingly, the Rooker-Feldman doctrine is inapplicable to remove this action from this court's jurisdiction.

3

Case No.: 5:11-CV-2683 EJD
ORDER DENYING MOTION TO DISMISS

C. Litigation Privilege

Finally, Defendants argue that because the basis for this action is Defendants' filing of legal documents seeking default, levy, and garnishment in a judicial proceeding, the case is barred by California litigation privilege that protects statements made in any judicial proceeding. Cal. Civ. Code § 47(b).

The California litigation privilege, however, does not apply to FDCPA claims. See Welker v. Law Office of Horwitz, 626 F. Supp. 2d 1068, 1072 (S.D. Cal. 2009); Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1098 (C.D. Cal. 2006). This rule is especially clear in light of the Supreme Court's decision in Heintz v. Jenkins, 514 U.S. 291 (1995) that the Supreme Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Although the Henitz decision does not expressly address litigation privilege, the decision "leaves little room for the proposition that an attorney's litigation activities are immune and thus not subject to the FDCPA." Reyes v. Kenosian & Miele, LLP, 619 F. Supp. 2d 796, 803 (N.D. Cal. 2008).

The California litigation privilege also does not apply to RFDCPA violations. See Komorova v. National Credit Acceptance, Inc., 175 Cal. App. 4th 324, 337 (App. Ct. 2009) (finding that the litigation privilege "cannot be used to shield violations of the [RFDCPA])." In Komorova, the California Court of Appeals held that an exception to the litigation privilege existed because (1) the RFDCPA is more specific the California litigation privilege and (2) the RFDCPA would be "significantly inoperable if it did not prevail over the privilege where, as here, the two conflict." Id. at 339-40. Here, as in Komorova, if the court were to apply the litigation privilege to protect Defendants' filings, which allegedly sought to improperly collect the debt, that decision would in effect render the RFDCPA inoperable. See also, Welker v. Law Office of Daniel J. Horwitz, 699 F. Supp. 2d 1164, 1174 (S.D. Cal. 2010).

Accordingly, the litigation privilege is inapplicable to shield Defendants from liability for Santos's FDCPA and RFDCPA claims.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED.

4

Case No.: 5:11-CV-2683 EJD
ORDER DENYING MOTION TO DISMISS

1     IT IS FURTHER ORDERED that the pending motion to appear by telephone at the January
2 27, 2012 hearing is DENIED AS MOOT.
3 Dated: Lcpwct{"46."4234

_____
EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:11-CV-2683 EJD
ORDER DENYING MOTION TO DISMISS