**Jonathan W. Birdt [SB# 183908]**
THE BRACHFELD LAW GROUP, P.C.
880 Apollo St. Suite 155
El Segundo, CA 90245
Telephone: (310) 273-7867
Facsimile: (310) 273-9867

Attorney for Defendant,
BRACHFELD LAW GROUP, P.C.,
LVNV FUNDING LLC &
ERICA BRACHFELD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLANCA SANTOS<br><br>        Plaintiff,<br><br>    vs.<br><br>LVNV FUNDING, LLC,  BRACHFELD LAW GROUP, P.C., & ERICA BRACHFELD<br><br><br>        Defendants. | CASE NO.:   2:11-CV-02683 EJD<br><br>DEFENDANT BRACHFELD LAW GROUP, P.C. & ERICA BRACHFELD'S ANSWER TO COMPLAINT |

Defendant THE BRACHFELD LAW GROUP, P.C, LVNV FUNDING and ERICA BRACHFELD ("Defendants"), for itself and no other defendants answer Plaintiff   BLANCA SANTOS ("Plaintiff" Complaint ("Complaint") as follows:

   1.       Answering Paragraphs 1-5 & 9-11, 13, 15, 17, 18 & 21 of the Complaint, Defendants admits the allegations contained therein.

   2.       Answering Paragraphs 6-7 of the complaint, defendants admit that the FDCPA is applicable herein, but deny that Rosenthal is applicable.

   3.       Answering Paragraph 8 of the Complaint, Defendants state that the underlying action was violated by a State Bar certified professional corporation established by Erica Brachfeld.

1

Under the Business and professions code, the Corporation is the attorney of record, and Erica Brachfeld is the owner of the Corporation.

4. Answering Paragraph 12, 19 & 22 of the Complaint, Defendant lacks sufficient information to admit or deny that the conversation occurred but does not deny that it mistakenly filed a default judgment; however, notice thereof was provided to Plaintiff, who failed to contact Defendants to give Defendants an opportunity to fix the good faith mistake.

5. Answering Paragraph 14 of the Complaint, Defendants deny this request as it includes all Defendants. Defendants admit that Brachfeld Law Group failed to update its' computer system to reflect the settlement, thus causing the erroneous request for entry of default to issue.

6. Answering Paragraph 16 of the Complaint, Defendants are entitled to rely upon the presumption of service though has no reason to dispute the veracity of Plaintiff's assertion.

7. Answering Paragraph 20 of the Complaint, Defendants lack sufficient information to admit or deny this request; however, defendants tendered payment of actual and statutory damages to Plaintiff which Plaintiff rejected.

8. Answering Paragraph 23& 28 of the Complaint, the allegation speaks for itself.

9. Answering Paragraph 24- 27 &29-32 of the Complaint, Defendants deny the allegations contained therein.

10. Answering Plaintiffs prayer for relief a. Defendant has and continues to tender the full statutory penalty of $1,000 to Plaintiff.

11. Answering Plaintiffs prayer for relief b. defendant has repeatedly requested documentation supporting the fees claimed and legal basis for entitlement, but Plaintiff refuses to produce same.

Defendants have agreed to reimburse the fees claimed upon documentation or proof of payment therefore.

**12.** Answering Plaintiffs prayer for relief c. Defendant tendered reasonable fees to Plaintiff which were rejected. Defendant contends that all fees incurred since tender of payment

in this action are not reasonable. Defendant also contends that Plaintiff has not incurred any fee obligation, that Plaintiffs counsel is prohibited from collecting fees, but regardless, Defendants tendered reasonable fees incurred at the outset of this action.

**FIRST AFFIRMATIVE DEFENSE**

1. As a separate, affirmative defense, Defendants alleges that the Complaint, and each And every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

2. As a separate, affirmative defense, Defendant alleges that the mistake herein was a bona fide error on their part and that appropriate steps were taken to mitigate any harm including tendering of payment of the Statutory penalty and reasonable attorney fees.

**THIRD AFFIRMATIVE DEFENSE**

3. That Erica Brachfeld is not a proper party to this action.

**FOURTH AFFIRMATIVE DEFENSE**

4. That the Rosenthal Act specifically excludes coverage to Attorneys and all acts undertaken in this matter were done by a State Bar Certified Professional Corporation that exists solely and exclusive pursuant to the license to practice law issued to Erica Brachfeld.

WHEREFORE, this answering Defendant prays:

1. For a judgment in favor of Defendants, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint; and

2. That this answering Defendant be awarded cost of suit and attorney fees and such other further relief as the Court deems just.

3. That this answering Defendant be awarded cost of suit and attorney fees and such other further relief as the Court deems just.

DATED: February 3, 2012         **THE BRACHFELD LAW GROUP, P.C.**

                                By:  /s/
                                     Jonathan W. Birdt, Esq**. (SBN.** 183908**)**

DEFENDANT BRACHFELD LAW GROUP, P.C. & ERICA BRACHFELD'S ANSWER TO COMPLAINT