Scott Maurer (CSB #180830)
Tim English (CLS #29991)
Alexander Community Law Center
1030 The Alameda
San Jose, CA 95126
Phone: 408-288-7030
Fax: 408-288-3581

Attorneys for Plaintiff, Blanca Santos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLANCA SANTOS,<br><br>        Plaintiff,<br>        v.<br><br>LVNV FUNDING, LLC,<br>THE BRACHFELD LAW GROUP, PC, and<br>ERICA BRACHFELD,<br><br>        Defendants. | Case No. C 11- 02683 EJD<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Date: October 12, 2012<br>Time: 9:00 a.m.<br>Ctrm: 4 |

**TABLE OF CONTENTS**

I      PRELIMINARY STATEMENT AND PROCEDURAL BACKGROUND ............................. 6

II     STATEMENT OF FACTS SUPPORTING SUMMARY ADJUDICATION ........................... 6

III    SUMMARY JUDGMENT STANDARD ................................................................. 8

IV     LEGAL STANDARDS ................................................................................... 9

V      ARGUMENT ............................................................................................ 11

    A.   LVNV and BLG Are Subject to the RFDCPA ........................................... 11

        a. LVNV is a Debt Collector subject to the Rosenthal Act .............................. 11

        b. BLG is a Debt Collector subject to the Rosenthal Act ................................. 12

            <u>1.</u>   The Plain Language of Rosenthal Act Indicates That Law Firms Are Not Excluded ........................................................................... 12

            <u>2.</u>   The Overwhelming Majority of Courts to Have Considered the Issue have Held That Law Firms Are Not Exempt from the Rosenthal Act Definition of Debt Collector ........................................................... 13

    B.   The Services of an Earnings Withholding Order Violated §1692f and f(1)of the FDCPA ............................................................................................ 14

        a. The Brachfeld Law Group Directly Violated the FDCPA .......................... 14

        b. LVNV Funding is Vicariously Liable for the Actions of their Agent ......... 16

        c. Erica Brachfeld is Jointly and Severally Liable for her Own Actions ........ 17

    C.   The Service of an Earnings Withholding Order Violated §1788.17 and §1788.14(b) of RFDCPA ........................................................................... 18

    D.   None of Defendants' Affirmative Defenses Has Merit ........................................ 18

        1)   First Affirmative Defense .........................................................19

        2)   Second Affirmative Defense ....................................................... 19

        3)   Third Affirmative Defense ........................................................ 20

        4)   Fourth Affirmative Defense ....................................................... 20

VI     CONCLUSION ......................................................................................... 21

# TABLE OF AUTHORITIES

## Federal Cases

*Abels v. JBC Legal Group*, P.C., 227 F.R.D. 541 (N.D. Cal. 2005) ................................................................ 12

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) ................................................................ 8

*Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 249-50 (1986) ................................................................ 8

*Arc Ecology v. United States Dep't of the Air Force*, 411 F.3d 1092 (9th Cir. 2005) ................................ 12

*Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997) ................................................................ 9

*Brumbelow v. Law Offices of Bennett and Deloney*, 372 F. Supp. 2d 615, 618 (D. Utah 2005) ................ 18

*Carney v. Rotkin, Schmerin & McIntyre*, 206 Cal. App. 3d 1513  Cal. Rptr. 478 (Ct. App. 1988) ............. 13

*Carvana v. MFG Fin., Inc.*, 2008 WL 2468539 (D. Utah June 17, 2008) ............................................... 17

*Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548, 2667. 91 L. Ed. 2d 265 (1986) ................ 19

*Cruz v. Int'l Collection Corp.*, 2008 WL 2263800 (N.D. Cal. June 2, 2008) ........................................ 18

*Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000) ................................................................ 15, 17

*Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994) ................................................... 15, 16

*Gerwer*, 898 F.2d 730, 732 (9th Cir. 1990) ................................................................ 12

*Irwin v. Mascott*, 94 F.Supp.2d 1052  (N.D. Cal. 2000) ................................................................ 9

*Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433  (6th Cir. 2008) ....................... 17

*Mancia v. Mayflower Textile Services. Co.*, (D MD 2008) 253 FRD 354, 357) ..................................... 6

*Martinez v. Albuquerque Collection Services*, 867 F.Supp. 1495 (D.N.M. 1495) ............................... 9,16

*Moriarity v. Henriques*, 2011 WL 3568435 at * 6 (E.D.Cal. Aug. 15, 2011) .................................... 14

*Owings v. Hunt Henriques*, 08CV1931-L NLS, 2010 WL 3489342 (S.D. Cal. Spet 3, 2010)................ 13, 14

*Patzka v. Viterbo College*, 917 F.Supp 654 (W.D. Wis. 1996)................................................... 16

*Pollice v. National Tax Funding*, 225 F.3d 379 (3rd Cir. 2000) ................................................. 17

*Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004)................................................................ 9

*Ratzlaf v. United States*, 510 U.S. 135 (1994) ................................................................ 12

*Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051 (C.D.Cal. 2009) ................ 14

*Thompson v. D.A.N. Joint Venture III*, 2007 U.S. Dist. LEXIS 41398 (M.D. AL 2007 ............................ 15

*Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) ................................................................ 9

## Federal Statutes

15 U.S.C. § 1692 ........................................................................................... 10, 11, 15, 20

15 U.S.C. § 1692a(6) ........................................................................................ 6, 11, 17

15 U.S.C. § 1692e(2)(A) ..................................................................................... 9, 15

15 U.S.C. § 1692f ........................................................................................... 9, 15, 16,19

15 U.S.C. § 1692f (1) ...................................................................................... 9, 11,14, 15, 16

15 U.S.C. § 1692k(c) ....................................................................................... 19

15 U.S.C. §§ 1692e ......................................................................................... 15

15 U.S.C. §§ 1692f(1) ...................................................................................... 16

15 U.S.C. §1692a(3) ........................................................................................ 6

15 U.S.C. Sections 1692b .................................................................................. 18

15 U.S.C § 1692j ............................................................................................ 18

## Rules

Fed.R.Civ.P. 56(c) ......................................................................................... 8

FRCivP 8(b)(6) ............................................................................................. 6

## State Cases

*First Interstate Bank of Fort Collins v. Soucie*, 924 P.2d 1200 (Colo. Ct. App. 1996) ................... 17

## California State Statutes

Cal Pub Contract Code § 10353.5(c)(4) ................................................................. 13

Cal. Civ Code §1788.2(d) ................................................................................ 7

Cal. Civ Code §1788.2(h) ................................................................................ 6

Cal. Civ. Code § 1788 .................................................................................... 10, 11, 18, 20

Cal. Civ. Code § 1788.17 ........................................................................................................... 10, 11,18, 19

Cal. Civ. Code § 1788.2(c) ........................................................................................................................... 11

Cal. Civ. Code §1788.14(b) ................................................................................................................ 10,11, 18, 19

Cal. Civil Code §1788.2(d) .................................................................................................................... 12, 13

Cal. Insurance Code §12903.1 ...................................................................................................................... 13

Cal. Insurance Code §750.5 .......................................................................................................................... 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

## I.   PRELIMINARY STATEMENT AND PROCEDURAL BACKGROUND

Plaintiff Santos filed her complaint on June 3, 2011.  Included in the complaint were allegations that LVNV Funding, LLC, the Brachfeld Law Group, PC, and Erica Brachfeld (hereafter "Defendants") violated the Federal Fair Debt Collection Practices Act (hereafter "FDCPA") by attempting to garnish Plaintiff's wages after Plaintiff fulfilled all her obligations to Defendants under a settlement agreement with Defendants.  The complaint alleges LVNV Funding, LLC and the Brachfeld Law Group, PC violated California's Rosenthal Fair Debt Collection Practices Act (hereafter "RFDCPA") for the above stated reasons.  Defendants moved the court to dismiss the case based on Retraxit, the Rooker-Feldman Doctrine, and California's litigation privilege.  The court denied Defendants' Motion to Dismiss on January 24, 2012.  Plaintiff moves for summary adjudication with respect to the above-referenced claims. Party discovery was cut off on April 13, 2012 pursuant to this court's order filed on October 11, 2011.

## II. STATEMENT OF FACTS SUPPORTING SUMMARY ADJUDICATION

Many of the key allegations were admitted, or deemed admitted, by virtue of Defendants' Answer to Complaint. FRCivP 8(b)(6) and see *Mancia v. Mayflower Textile Services. Co*., (D MD 2008) 253 FRD 354, 357)

Each of the named Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Complaint, ¶¶ 6-8; Defendants' Answer, ¶¶ 2 and 3, attached as Exhibits A & B to Plaintiff's Request for Judicial Notice ('RJN'). Plaintiff also alleges that Defendants LVNV

Funding (LVNV) and Brachfeld Law Group (BLG) are "debt collectors" as defined by Cal. Civ Code §1788.2(c).  Complaint, ¶6 and 7, (RJN Exh. A). Ms. Santos is a "consumer" as defined by 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ Code §1788.2(h)  Complaint, ¶5; Defendants' Answer, ¶1, (RJN Exhs. A & B). This dispute arises out of a covered "debt" as defined by 15 U.S.C. §1692a(5) and a "debt" as defined by Cal. Civ Code §1788.2(d) Complaint, ¶9; Defendants' Answer, ¶1.

On October 1, 2008 BLG filed an action ("the State court action") against Blanca Santos in the Santa Clara County Superior Court on behalf of LVNV. Complaint, ¶9; Defendants' Answer, ¶1.  Ms. Santos contacted LVNV's counsel, BLG, and arranged a payment agreement with BLG to settle her debts. Complaint, ¶10; Answer, ¶1.  After an agreement was reached, BLG sent a letter to Ms. Santos confirming that her debt would be settled if she made the agreed upon payments. Exh. B to Blanca Santos's Declaration in Support of Plaintiff's Motion for Summary Adjudication (hereafter 'Santos Decl.'). Under the terms of the agreement, Ms. Santos provided BLG with her bank account information, including routing numbers and five check numbers, and the parties agreed that BLG would use the banking information to deduct $100 from Ms. Santos's bank account once a month from October 2008 to February 2009. Complaint, ¶11; Answer, ¶1. Ms. Santos completed her five payments on or about February 28, 2009. Complaint, ¶¶ 13-15; Answer, ¶¶ 1 and 5. BLG's notes confirm that these payments constituted a settlement in full between LVNV and Ms. Santos. Birdt Dep. 28:7-21, Apr. 2, 2012 (Exh. F to Scott Maurer's Declaration in Support of Plaintiff's Motion for Summary Adjudication) .

Defendants herein, however, proceeded to request and obtain a default judgment in the State court action against Ms. Santos. Complaint, ¶15; Answer, ¶1. However, Ms. Santos never

received a copy of the request for a default judgment and was never notified of the judgment against her. Santos Decl. p. 3:1-2.

Thereafter, Defendants caused Ms. Santos's bank account to be levied. Complaint, ¶17; Answer, ¶1. This was the first time that Ms. Santos had received notice that a default judgment had been filed against her in the State Court Action. Santos Decl..

Then, in or around October 2010, Defendants served an earning withholding order on Ms. Santos's employer. Complaint, ¶18; Answer, ¶1. In serving their order to withhold Ms. Santos's earnings, Defendants attempted to collect the remainder of the settled debt, plus a sheriff levy fee and an administrative fee. Exh. C to Santos Decl.. The Earnings Withholding Order bears Erica Brachfeld's name and bar number, as well as the name and address of Ms. Brachfeld's firm. Exh. C to Santos Decl..

Defendants knew or should have known, at the time the Defendants garnished Ms. Santos's wages, that Ms. Santos had fulfilled all her obligations under the aforementioned settlement agreement. Complaint, ¶17 and 18; Answer, ¶1.


### III. SUMMARY JUDGMENT STANDARD

If there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, the court should enter summary judgment on a claim. Fed.R.Civ.P. 56(c). On a motion for summary judgment, the court should construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party, *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970), and determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 249-50 (1986). A genuine issue exists if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, 477 U.S. at 248.

**IV. LEGAL STANDARDS**

The FDCPA is generally a strict liability statute, and it is not necessary for a plaintiff to show that a violation was intentional. *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1057 (N.D. Cal. 2000) *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) Nor is it necessary to show that the recipient of a deceptive communication was actually misled. *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). In fact, a recipient need not even read the letter or pleading in order to be awarded statutory damages. *Bartlett v. Heibl*, 128 F.3d 497, 498 (7th Cir. 1997). Instead, the mere act of mailing or serving a misleading communication is sufficient to create liability under the Act. *Tolentino*, *supra*, 46 at F.3d at 651.

The FDCPA prohibits "the false representation of (A) the character, amount, or legal status of any debt" by a debt collector. 15 U.S.C. § 1692e(2)(A). Similarly, the Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). "Courts employ these FDCPA provisions where debt collectors attempt to collect monies that cannot legally be collected." *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495, 1504-1505 (D.N.M. 1994) (citing several cases).

In Plaintiff's complaint, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692f and 15 U.SC.§ 1692f(1) because Defendants unfairly attempted to garnish Plaintiff's wages even after Plaintiff fulfilled all her obligations under the settlement agreement with Defendants. By

violating the FDCPA as described above, LVNV and BLG violated § 1788.17 and § 1788.14(b) of the RFDCPA.

Plaintiff seeks partial summary adjudication under 15 U.S.C. § 1692 which applies to debt collection practices by debt collectors. Subsection f and f(1) provide in relevant part that:

A debt collector may not use unfair … means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

In addition, Plaintiff seeks summary adjudication under Cal. Civ. Code § 1788.  Relevant subsections provide that:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: …

(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law; or…

Cal. Civ. Code §1788.14(b)

/// 

/// 

///

Thus, to prevail on her FDCPA and RFDCPA claims, Plaintiff must show that:

1) each defendant is subject to the FDCPA (as admitted, *supra* pp. 2:25-3:2)

2) LVNV and BLG are subject to the RFDCPA

3) the State court action concerned a covered 'debt' within the meaning of both the FDCPA and RFDCPA (as admitted, *supra* p. 3:5-7)

4) the service of an earnings withholding order by Defendants violated §§ 1692f and f(1) of FDCPA

5) the service of an earnings withholding order by Defendants violated §1788.14(b) and §1788.17 of RFDCPA

6) none of Defendants' affirmative defenses have merit

**V. ARGUMENT**

    **A. LVNV and BLG Are Subject to the RFDCPA**

*a. LVNV is a 'Debt Collector' subject to the Rosenthal Act*

Under the RFDCPA, the term "debt collector" means "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term … does not include an attorney or counselor at law." Cal. Civ. Code § 1788.2(c).  As stated above, LVNV admits to being a debt collector under the Federal FDCPA, which defines a "debt collector" as, "any person who uses any instrumentality of interstate commerce or the mails in **any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect**, directly or indirectly, **debts**." 15 U.S.C. § 1692a(6) (emphasis supplied).  By admitting they are an FDCPA 'debt collector', LVNV

admits that they are *either* in a business the principle purpose of which is the collection of debt *or* that they regularly collect debt. Either way, this admission also satisfies the 'regularly … engages in debt collection' standard. Because they regularly collect debt and are not attorneys, LVNV is a Rosenthal 'debt collector'.

   *b. BLG is a 'Debt Collector' subject to the Rosenthal Act*

   As stated above, the statutory definition of 'debt collector' excludes "...an attorney or counselor at law." Cal. Civil Code §1788.2(d). No mention is made of law firms or professional law corporations being exempt. The principles of statutory interpretation and the majority of case law would strongly disfavor such an exemption being read into the code.

1. <u>The Plain Language of Rosenthal Act Indicates That Law Firms Are Not Excluded</u>

   "Since the legislature specifically excluded attorneys from the statute but was silent on law firms, [a] Court [should] presume[] that the legislature did not intend to exclude law firms." *Abels v. JBC Legal Group*, P.C., 227 F.R.D. 541, 548 (N.D. Cal. 2005). In *Abels* the court was applying the legal axiom of *expressio unius*, "which teaches that omissions are the equivalent of exclusions when a statute affirmatively designates certain persons..." *Arc Ecology v. United States Dep't of the Air Force*, 411 F.3d 1092, 1100 (9th Cir. 2005); *In re Gerwer*, 898 F.2d 730, 732 (9th Cir. 1990) ("express enumeration indicates that other exceptions should not be implied").

   Furthermore, statutory construction generally prohibits courts from reading statutes in a way that would make portions of a statute superfluous or unnecessary. *See, e.g., Ratzlaf v. United States*, 510 U.S. 135, 140 (1994). In other contexts, the California legislature has named law firms and attorneys as separate entities. For instance, in regulating gifts relating to

employment, the legislature referred to "the employment of the attorney or law firm". Cal.

Insurance Code §750.5. And in regulating from whom the commissioner could receive

payments, the legislature prohibited payments from "[a] private attorney or law firm." Cal.

Insurance Code §12903.1. Finally in defining a 'Contract for legal service' the legislature stated

that the term "shall include any contract between a state agency and any law firm, professional

corporation, law firm partnership, or individual attorney...". Cal Pub Contract Code §

10353.5(c)(4). If the legislature felt that attorneys and law firms were synonymous, it would not

have bothered to enumerate the two separately in each of the three statutes referenced above. By

the same token, this court should infer that the legislature did not intend to exempt firms from the

definition of 'debt collector', given that they failed to explicitly list law firms in Cal. Civil Code

§1788.2(d).

2. <u>The Overwhelming Majority of Courts to Have Considered the Issue Have Held That Law</u>
<u>Firms Are Not Exempt from the Rosenthal Act Definition of 'Debt Collector'</u>

In 1988 a California Court of Appeal held that a law firm was not subject to the

Rosenthal Act based on the 'attorney at law' language in Cal. Civil Code §1788.2(d). *Carney v.*

*Rotkin, Schmerin & McIntyre*, 206 Cal. App. 3d 1513, 1518, 254 Cal. Rptr. 478, 480 (Ct. App.

1988). It should be noted that the *Carney* court itself acknowledged that the primary issue before

it was whether or not the defendants were entitled to an absolute defense under California's

litigation privilege. *Id*. at 1518. The court gives no indication that it considered an argument

that law firms might be treated differently than attorneys and the analysis - if any - is cursory.

Since *Carney* twelve California district courts have issued opinions on whether law firms

are exempt and only one has followed *Carney*. The *Owings* Court, expanding on *Carney*,

dismissed any argument that the, "Rosenthal Act … exclude[d] attorneys but not law firms…". *Owings v. Hunt Henriques*, 08CV1931-L NLS, 2010 WL 3489342 (S.D. Cal. Spet 3, 2010). However, *Owings* makes this leap with little to no analysis of the issues addressed above or below.

The vast majority of federal district courts in California have found that a law firm can be included in the definition of "debt collector" under the RFDCPA. *See Abels*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms."); *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051, 1061 (C.D.Cal. 2009) ("The court finds persuasive the authority holding that a law firm may be a 'debt collector' under the California FDCPA."); *Moriarity v. Henriques*, 2011 WL 3568435 at * 6 (E.D.Cal. Aug. 15, 2011) ("[D]istrict courts throughout the Ninth Circuit have found that a law firm is a 'debt collector' within the meaning of the RFDCPA.").

BLG has admitted that they are a debt collector under the Federal FDCPA. Complaint, ¶ 7; Defendants' Answer, ¶ 2. As stated above, when one admits to being a FDCPA debt collector, they admit that they are *either* in a business the principle purpose of which is the collection of debt or that they regularly collect *debt*. Either of these definitions satisfy the 'regularly … engages in debt collection' under Rosenthal. Thus, BLG, a law firm engaging in debt collection practices in the ordinary course of business, is a debt collector as defined under RFDCPA.

///

///

///

**B. The Service of an Earnings Withholding Order Violated § 1692f and f(1) of the FDCPA**

    *a.   The Brachfeld Law Group Directly Violated the FDCPA*

      The FDCPA prohibits a debt collector from engaging in unfair collection practices. 15 U.S.C. § 1692f.  It explicitly prohibits the collection - or attempted collection - of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f (1).

      Courts have repeatedly imposed liability on debt collectors who seek to collect unauthorized charges regardless of the size of the charges and regardless of whether the charges were sought by the debt collector in or out of court. *Thompson v. D.A.N. Joint Venture III*, 2007 U.S. Dist. LEXIS 41398 (M.D. AL 2007 (the Plaintiff was awarded $38,000 when the debt collector sued after the statute of limitation had run); *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994)(the court reversed a summary judgment granted for the debt collector because a jury could rationally find violation of § 1692f on the ground that the consumers were current in payments when the debt collector filed an application for a writ of garnishment).

      In *Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000), three plaintiffs attacked (among other things) the defendant's overstatement of interest charges under 15 U.S.C. § 1692e & 1692f.  The District Court had found that the interest charges were overstated by amounts ranging from sixty-five cents to $1.84, and had held that an insignificant overstatement of interest charges did not violate the FDCPA.  The Court of Appeals rejected any notion of a "de minimis" exception to the plain language of the statute and reversed, instructing the District Court to enter summary judgment on the issue in favor of the plaintiffs.  215 F.3d 871, 874 (8th Cir. 2000); *see also*

*Patzka v. Viterbo College*, 917 F.Supp 654 (W.D. Wis. 1996) (finding FDCPA violations arising from student loan interest collections when interest liability was not properly disclosed). Similarly, in *Martinez v. Albuquerque Collection Services*, 867 F.Supp. 1495 (D.N.M. 1495), the defendant collection agency sought and obtained a default judgment against the consumer. Because the collection agency demanded compound interest – whereas state law permitted only simple interest – the Federal court granted the consumer summary judgment under 15 U.S.C. § 1692f(1) and 1692e(2)(A).  15 F.3d 1507, 1509, 15 (9th Cir. 1994).

This case is analogous with the above stated precedents because Defendant BLG attempted to collect a debt that no Defendant was contractually or legally permitted to collect. Here, in or around October of 2010, BLG attempted to withhold Ms. Santos's wages through the service of an earnings withholding order on Ms. Santos's employer. Complaint, ¶18; Answer, ¶1, (RJN Exhs. A & B).  By this time, Ms. Santos had already satisfied her obligations with LVNV by making all the payment under the payment agreement. Complaint, ¶¶ 13 and 15; Answer, ¶1, (RJN Exhs. A & B). Therefore, BLG attempted to collect on a debt that was not authorized by the parties' agreement nor permitted by law. Thus, Defendant BLG violated §§ 1692f and 1692f(1) of FDCPA.

   b.  *LVNV Funding is Vicariously Liable for the Actions of their Agents*

Where it is found that a debt collector has utilized the services of another to collect debt on their behalf, in an agency relationship, the debt collector will be held strictly liable for the unfair actions of their agent. *Fox*, 1507, 1516 (9th Cir. 1994)

The Ninth Circuit has long held that debt collectors are liable for FDCPA violations committed by their attorneys. 15 F.3d 1507, 1516 (9th Cir. 1994) (rejecting contention that debt

collectors should not be held vicariously liable for the violations committed by their attorneys as "inconsistent with the structure of the FDCPA"). The established rule is that:

> the client of an attorney who is a 'debt collector,' as defined in §
> 1692a(6), is vicariously liable for the attorney's misconduct if the client
> is itself a debt collector as defined in the statute. Thus, vicarious liability
> under the FDCPA will be imposed for an attorney's violations of the
> FDCPA if both the attorney and the client are debt collectors as defined
> in § 1692a(6).

*Pollice v. National Tax Funding*, 225 F.3d 379, 404 (3d Cir. 2000) (citing *First Interstate Bank of Fort Collins v. Soucie*, 924 P.2d 1200, 1202 (Colo. Ct. App. 1996)). Plaintiff is unaware of any authority to the contrary.

Here, LVNV, as the principal of the relationship, should be liable for BLG's above referenced violations. At all times during the collection process, BLG was acting as the agent for LVNV to collect debt that Ms. Santos owed to LVNV. Complaint, ¶¶ 9, 10, 15, 17-18; Defendants' Answer, ¶1, (RJN Exhs. A & B). Therefore, BLG's actions in violation of the FDCPA should be construed as the actions of LVNV.

  c. *Erica Brachfeld is Jointly and Severally Liable for her Own Actions*

Case law has expanded the meaning of a "debt collector" to subject "any person" regularly collecting debt to the provisions and sub provisions of the FDCPA. *Kistner v. Law Offices of Michael P. Margelefsky*, L.L.C., 518 F.3d 433, 437-438 (6th Cir. 2008).

The actions of an employee, officer, or shareholder will not be protected by the corporate veil when their personal actions violate the FDCPA. *Carvana v. MFG Fin., Inc.*, 2008 WL 2468539 (D. Utah June 17, 2008). Where the officer of a company is directly involved with the debt collecting practices of the company or is directly in violation of the FDCPA because of their

own actions, said officer can be held jointly and severally liable for their conduct. *Cruz v. Int'l Collection Corp.*, 2008 WL 2263800 (N.D. Cal. June 2, 2008)(Complaint was not dismissed against officer where the complaint alleged that "he set up and approves the corporations policies, practices, and procedures…" including the activities that the complaint alleged); *Carvana*, 2008 WL 2468539 (D. Utah June 17, 2008) corporate form does not protect offices from individual liability under the FDCPA); *Brumbelow v. Law Offices of Bennett and Deloney*, 372 F. Supp. 2d 615, 618 (D. Utah 2005)(the court held a partner of a law office personally liable for his independent FDCPA violations).

Here, Erica Brachfeld is the attorney who issued the Earnings Withholding Order against Ms. Santos. Exh. C to Santos Decl.. As this order sought to collect on a debt that was not authorized by law or by contract, Erica Brachfeld violated the FDCPA by trying to collect on an invalid debt. Therefore, Erica Brachfeld is not protected by the corporate veil and is subject to liability under the FDCPA.

### C. The Service of an Earnings Withholding Order Violated § 1788.17 and § 1788.14(b) of RFDCPA

The RFDCPA, Cal. Civ. Code § 1788 *et seq*, requires that every debt collector comply with the provisions of 15 U.S.C. Sections 1692b through 1692j (the FDCPA). Cal. Civ. Code § 1788.17.  By violating the FDCPA as described above, Defendants violated this provision of the RFDCPA.  In addition, the RFDCPA prohibits a debt collector from collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law. Cal. Civ. Code §1788.14(b). Defendants violated this provision by

attempting to collect a $30 Sheriff Levy's fee, and a $10 Administration fee when Defendants attempted to garnish Ms. Santos's earnings. Exh. C to Santos Decl.

### D.  None of Defendants' Affirmative Defenses Has Merit

Under *Celotex*, The Court should enter judgment against a party who fails to sufficiently establish the existence of an element essential to that party's case when the party who fails to establish said element bears the burden of proof on that issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548, 2667. 91 L. Ed. 2d 265 (1986). Defendants provided four affirmative defenses, but have failed to produce sufficient evidence to support any of their affirmative defenses.

#### 1. First Affirmative Defense

Defendants allege that there is no sufficient factual basis for Plaintiff's cause of action. However, Plaintiffs have shown a prima facie case for a violation of subsections 15 U.S.C. § 1692f and U.S.C. 1692§ f(1) of the Federal FDCPA and a prima facie case for violation of subsections 1788.14(b) and 1788.17 of the RFDCPA.

#### 2. Second Affirmative Defense

Defendant alleged that the mistake herein was a bona fide error on their part and that appropriate steps were taken to mitigate any harm. However, Defendants' statements during the course of discovery contradict this assertion.

Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories No. 15-17 indicate that the Defendants do not contend that the Bona Fide Error Defense made available by 15 U.S.C. § 1692k(c) is applicable to the present case. Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories, ¶¶ 15-17 (Exhs. A & B to Scott Maurer's Declaration in

Support of Plaintiff's Motion for Summary Adjudication hereafter 'Maurer Decl.').

Furthermore, Defendants have stated that they do not possess any documents that would support

a Bona Fide Error Defense.  Defendant's Responses to Plaintiff's Request for Production and

Inspection of Documents, Two, ¶¶ 4-7 (Exhs. C & D to Maurer Decl.).

Furthermore, Mr. Birdt, as the appointed representative for Erica Brachfeld and BLG,

stated that Defendants expects to withdraw their second affirmative defense. Birdt Dep. 8:2-3

(Exh. F to Maurer Decl.). Mr. Birdt also stated that he was not aware of, "any facts that would

support (Defendants second affirmative) defense for any of the defendants…" in the present

action. Birdt Dep. 8:4-6 (Exh. F to Maurer Decl.).

*3. Third Affirmative Defense*

Defendants alleged that Erica Brachfeld is not a proper party. However, she is a debt

collector who engaged in unfair debt collection practices. As stated above, Ms. Brachfeld has

admitted that she is a debt collector as defined by FDCPA, *supra* pp. 2:25 – 3:2, and that Ms.

Brachfeld is the attorney of record who filed service of the Earnings Withholding Orders. Exh. C

to Santos Decl.

*4. Fourth Affirmative Defense*

Defendants alleged that "the Rosenthal Act specifically excludes coverage to

attorneys…". As explained above, a law firm can be a debt collector within the meaning of

RFDCPA.  *Supra,* pp. 8:6-10:22. Thus, this defense, as well as Defendant's above affirmative

defenses, lack sufficient merit to be considered by this court.

*///*

*///*

**VI. CONCLUSION**

Given Defendants' admissions, any reasonable fact-finder would conclude that Defendants violated the code sections specified above.  Furthermore, a trial on Defendants' liability should not be necessary given that Defendants' Initial Disclosures – which have not been supplemented – indicate that they have no witnesses with personal knowledge.  Exh. G to Maurer Decl.

As there is no genuine dispute that Defendants' service of an Earnings Withholding Order violated the FDCPA and RFDCPA, the court should grant plaintiff's motion for partial summary judgment. Furthermore, Defendants failed to provide material facts supporting their affirmative defenses. Therefore, the court should grant plaintiff's motion in full.

Respectfully submitted,            ALEXANDER COMMUNITY LAW CENTER

DATED:  June 20, 2012            By:_____/s/_____
                                Tim English, Certified Law Student*
                                For Plaintiff  Blanca Santos

DATED:   June 20, 2012            By: _____/s/_____
                                Scott Maurer, Supervising Attorney*
                                For Plaintiff  Blanca Santos

* Pursuant to State Bar rules governing the practical training of law students