1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BLANCA SANTOS, | ) | Case No. 5:11-CV-02683-EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART PLAINTIFF'S** |
| v. | ) | **MOTION FOR PARTIAL SUMMARY** |
| | ) | **JUDGMENT** |
| LVNV FUNDING, LLC, ET AL, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

On August 31, 2012, the court held a hearing on Plaintiff's motion for partial summary judgment. Plaintiff seeks a ruling that Defendants are liable under the Federal Fair Debt Collection Practices Act and under California's Rosenthal Fair Debt Collection Practices Act. Defendants contend they are entitled to put forth a bona fide error defense at trial as to both claims, and contest liability under the California statute. Having heard the parties' arguments and reviewed their briefing, the court GRANTS in part and DENIES in part Plaintiff's motion.[1]

## I.      Background

Plaintiff Blanca Santos filed this action on June 3, 2011, alleging violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. and California's Rosenthal Fair Debt

---

[1] Plaintiff's Request for Judicial Notice (Dkt. No. 32) is DENIED as the court finds the information contained therein irrelevant to this determination.

**United States District Court**
For the Northern District of California

Collection Practices Act, Cal. Civ. Code 1788 <u>et seq.</u>.  These alleged violations arose from LVNV Funding, LLC ("LVNV"), The Brachfeld Law Group, PC ("BLG"), and Erica Brachfeld's (collectively "Defendants") handling of Plaintiff's delinquent consumer credit card account. Plaintiff requested actual and statutory damages, as well as attorney's fees, for both causes of action.

The parties do not dispute the events comprising the basis of this action.  Plaintiff had a credit card account that became delinquent.  Her delinquent account was assigned to LVNV, which filed a collection action in the Santa Clara County Superior Court, Case No. 108-cv-124270 (the "State Court action").  BLG represented LVNV in that matter.  After the State Court action was filed, Plaintiff and BLG came to a settlement agreement, wherein BLG would deduct $100 a month, for five months, from Plaintiff's bank account.  Plaintiff's first payment was scheduled for October 31, 2008, and her last payment for February 28, 2009.  Under the settlement, after the February payment was made, Plaintiff's obligation would be fulfilled.

Plaintiff did make the five payments pursuant to the settlement agreement.  However, on September 23, 2009, Defendants filed a Request for Entry of Default in the State Court action, and their request was granted in the amount of $4210.75.  On March 2, 2010, Defendants had Plaintiff's bank account levied.  In October of 2010, Defendants served an earnings withholding order on Plaintiff's employer.  On May 3, 2011, the state court judgment was set aside.

## II.      Legal Standard

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden "of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any'" that demonstrate the absence of a triable issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citation omitted).  If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and "designate specific facts showing that there is a

Case No. 5:11-CV-02683-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

1    genuine issue for trial." Celotex, 477 U.S. at 324 (citation omitted). The court must regard as true

2    the opposing party's evidence, if supported by affidavits or other evidentiary material.  Id.

3    However, the mere suggestion that facts are in controversy, as well as conclusory or speculative

4    testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See

5    Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

6    **III.    Discussion**

7    **A. Federal Fair Debt Collection Practices Act**

8            Plaintiff seeks summary adjudication that Defendants violated Sections 1692(f) and

9    1692(f)(1) of the Federal Fair Debt Collection Practices Act ("FDCPA").   Section 1692(f)

10   prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to

11   collect any debt."   The statute provides examples of violations, including Section 1692(f)(1),

12   which prohibits "[t]he collection [by a debt collector] of any amount (including any interest, fee,

13   charge, or expense incidental to the principal obligation) unless such amount is expressly

14   authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).  Plaintiff

15   contends that Defendants violated the FDCPA by serving an earnings withholdings order to her

16   employer.   Pl.'s Mot. for Partial Summ. J. at 15, Dkt. No. 35.

17           The parties agree on the factual underpinnings of these claims.  From their briefs it appears

18   that the parties also agree that Defendants' actions could potentially constitute a violation of the

19   FDCPA.[2]  See Opp'n at 4:17-21, Dkt. No. 37.  Therefore, Plaintiff has met its burden of showing

20   no issue of material fact remains on the question of whether Defendants actions violated the

21   FDCPA.

22           In their opposition brief, Defendants assert that the default judgment was mistakenly filed

23   as the result of a clerical error, and that the attempt at wage garnishment stemmed from the

24   erroneous filing.  Because the default judgment and wage garnishment allegedly occurred merely

25   ─────────────────────
      [2] At the hearing on this motion, Defendants contested liability by mentioning a "recent case" that
26   held the service of an earnings withholding order did not constitute a sufficient basis for an FDCPA
      claim.  Neither party's brief addressed the law on this issue, and Defendants' opposition brief
27   focused only on affirmative defenses.  Defendants have not submitted a notice of new authority,
      nor provided the name or citation of this case to the Court.  Without more, the Court is left to
28   consider only the supported statements made by the parties in their briefing.

                                                    3

Case No. 5:11-CV-02683-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1   as a result of an error, Defendants argue that they are entitled to present evidence at trial on a bona

2   fide error defense.  <u>See</u> 15 U.S.C. § 1692k(c) (providing for a bona fide error defense when a

3   defendant proves by a preponderance of the evidence "that the violation was not intentional and

4   resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted

5   to avoid any such error").

6          Defendants will bear the burden of proving their affirmative defense at trial, and therefore

7   at the summary judgment stage must "go beyond the pleadings and by [their] own affidavits, or by

8   the depositions, answers to interrogatories, and admissions on file, designate specific facts showing

9   that there is a genuine issue for trial."  <u>Celotex</u>, 477 U.S. at 324 (citation omitted).  In addition, this

10  district's Local Civil Rule 7-5 states that "factual contentions made in support of or in opposition to

11  any motion must be supported by an affidavit or declaration and by appropriate references to the

12  record."  To satisfy its burden, Defendants must produce evidence, and not rely on mere allegations

13  or denials of Plaintiff's evidence. <u>See</u> <u>Estate of Tucker v. Interscope Records</u>, 515 F.3d 1019, 1030

14  (9th Cir. 2008).

15         Defendants have submitted nothing more than bare assertions that a bona fide error may

16  exist.  Their opposition brief contains neither evidence suggesting or showing that an error did

17  occur, nor even declarations to the truth of their assertions.  Instead, Defendants argue that though

18  the full deposition transcript of Jonathan Birdt could dispose of this issue, they cannot submit that

19  transcript because Plaintiff never provided a copy or offered Defendants or Mr. Birdt an

20  opportunity to review it.  Opp'n at 6, Dkt. No. 37.  Defendants have not filed a declaration

21  establishing that they never received, or were denied access to, the deposition transcript. <u>See</u> Fed.

22  R. Civ. P. 56(d) (instructing that when a nonmovant shows by affidavit or declaration that "it

23  cannot present facts essential to justify its position," the court may take appropriate action).

24  Defendants also allege that Plaintiff has in her possession other documents which further establish

25  the existence of a bona fide error, but that Plaintiff has failed to amend her initial disclosures or

26  produce them outside of Mr. Birdt's deposition.  Opp'n at 6-7, Dkt. No. 37.  Again, Defendants

27

28

Case No. 5:11-CV-02683-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

1  failed to file a declaration attesting to the truth of these allegations, or submit any other evidence

2  which may support them.

3         "The district court need not examine the entire file for evidence establishing a genuine issue

4  of fact, where the evidence is not set forth in the opposition papers with adequate references so that

5  it could conveniently be found." <u>Carmen v. San Francisco Sch. Dist.</u>, 237 F.3d 1026, 1031 (9th Cir.

6  2001).  In the absence of evidence that a bona fide error may exist, or evidence that Defendants

7  unsuccessfully attempted to obtain Mr. Birdt's deposition transcript, this court finds that

8  Defendants have not met their burden establishing that a question of material fact exists as to their

9  bona fide error defense.  Summary adjudication as to Plaintiff's FDCPA claims is therefore

10  GRANTED.

11     **B.  California's Rosenthal Fair Debt Collection Practices Act**

12         Plaintiff also seeks summary adjudication that Defendants violated Sections 1788.17 and

13  1788.14(b) of California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act").

14  Section 1788.17 provides that:

15         …every debt collector collecting or attempting to collect a consumer debt shall comply

16         with the provisions of Sections 1692b to 1692j, inclusive of, and shall be subject to the

17         remedies in Section 1692k of, Title 15 of the United States Code.

18  Section 1788.14(b) states:

19         No debt collector shall collect or attempt to collect a consumer debt by means of the

20         following practices: … (b) Collecting or attempting to collect from the debtor the whole or

21         any part of the debt collector's fee or charge for services rendered, or other expense

22         incurred by the debt collector in the collection of the consumer debt, except as permitted by

23         law…

24  The parties dispute whether any of the Defendants are subject to liability under the Rosenthal Act,

25  and, if so, whether Defendants are entitled to present a bona fide defense at trial.

26

27

28

5

Case No. 5:11-CV-02683-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

### 1.  The Brachfeld Law Group

The parties do not appear to dispute that if BLG is a "debt collector" under the Rosenthal Act, then BLG is liable under the Act.  The Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.  The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law."  Cal. Civ. Code § 1788.2(c).  Debt collectors are subject to liability under the Act.

The parties point to a split in authority as to whether a law firm can be considered a "debt collector."  Plaintiff asserts that twelve of the fifteen district courts that have considered this issue have found that law firms can qualify as "debt collectors."  Defendants cite to a small set of cases finding to the contrary.  See Minasyan v. Creditors Fin. Group, LLC, No. 2:12-cv-01864, 2012 WL 232824 (C.D. Cal. June 19, 2012); Owings v. Hunt & Henriques, No. 08-cv-1931, 2010 WL 3489342, at *3 (S.D. Cal. Sept. 3, 2010); Carney v. Rotkin, Schmerin & McIntyre, 206 Cal.App.3d 1513 (1988).

Plaintiff is correct that the majority of federal district courts in California considering the issue have found that a law firm is a debt collector within the meaning of the Rosenthal Act. See McNichols v. Moore Law Group, No. 11-cv-1458, 2012 WL 667760 at *4 (S.D. Cal. Feb. 28, 2012) (finding that law firms are included in the definition of "debt collector" under the Rosenthal Act); Bautista v. Hunt & Henriques, No. 11-cv-4010, 2012 WL 160252 at *8 (N.D. Cal. Jan. 17, 2012); Reimann v. Brachfeld, No. 10-cv-04156, 2010 WL 5141858 (N.D. Cal. Dec. 3, 2010) (rejecting Owings); Abels v. JBC Legal Grp., P.C., 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms"); Robinson v. Managed Accounts Receivables Corp., 654 F.Supp.2d 1051, 1061 (C.D. Cal. 2009) ("The Court finds persuasive the authority holding that a law firm may be a 'debt collector' under the California FDCPA ."); Moriarity v. Henriques, No. 11-cv-01208, 2011 WL 3568435 at * 6 (E.D. Cal. Aug.15,

Case No. 5:11-CV-02683-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

2011) ("[D]istrict courts throughout the Ninth Circuit have found that a law firm is a 'debt collector' within the meaning of the RFDCPA."). The authority cited by Defendants is not persuasive, and does not fit within the majority view of the federal district courts in California. In keeping with prior decisions in this district, this court finds that a law firm can be a "debt collector" under the Rosenthal Act.

Defendants also argue that BLG is not a law firm, stating that "[t]he Brachfeld Law Group is a professional corporation established under the state bar act (*sic*), and is solely owned by Erica Brachfeld and authorized by the State Bar to engage in the practice of law." At the hearing, Defendants admitted that Ms. Brachfeld employs numerous attorneys across the country, but argued BLG is not a law firm because Ms. Brachfeld does not share fees with these employees. Again, Defendants have submitted no evidence suggesting that BLG should not be treated as a law firm. In the absence of any evidence to the contrary, this court finds that BLG is a law firm for purposes of the Rosenthal Act.

Defendants also argue that they should be permitted to put forth a bona fide error defense to the Rosenthal Act claims at trial. For the reasons stated in Section III.A of this opinion, Defendants have failed to meet their burden on this argument. The court therefore GRANTS summary adjudication on Plaintiff's Rosenthal Act claims as to BLG.

### 2. Erica Brachfeld

Plaintiff does not make any specific argument as to whether Ms. Brachfeld is subject to the Rosenthal Act. Defendants contend that Ms. Brachfeld is exempt from any liability under the Rosenthal Act. Plaintiff has not met her burden of proving that no issue of material fact exists as to Ms. Brachfeld's liability. Moreover, even if Plaintiff had supplied an argument, it appears that such argument would fail because the Act expressly excludes attorneys from the definition of debt collector. Ms. Brachfeld cannot be held liable as a matter of law. Cal. Civ. Code § 1788.2(c); see Bretana v. Int'l Collection Corp., No. 07-cv-5934, 2010 WL 1221925 at *1 (N.D. Cal. Mar. 24, 2010) (finding that a solo practitioner is not subject to liability under the Rosenthal Act); Abels v. JBC Legal Grp., P.C., 227 F.R.D. 541, 547-48 (N.D. Cal. 2005) (holding that the plain language of

Case No. 5:11-CV-02683-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California

the Rosenthal Act excludes an individual attorney from the definition of debt collector).  The court therefore DENIES summary adjudication on Plaintiff's Rosenthal Act claims as to Erica Brachfeld.

### 3.  LVNV

Plaintiff has also moved for summary adjudication on the Rosenthal Act claims as to LVNV.  While Plaintiff did establish in her briefing that LVNV is a debt collector, she did not include argument as to LVNV's liability under the Rosenthal Act.  Without evidence demonstrating LVNV's liability, there remains a genuine issue of material fact.  The court DENIES summary adjudication on the Rosenthal Act claims as to LVNV.

### IV.      Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment is GRANTED as to all Defendants on the FDCPA claims, GRANTED as to BLG on the Rosenthal Act claims, and DENIED as to Erica Brachfeld and LVNV on the Rosenthal Act claims.

**IT IS SO ORDERED.**

Dated: September 11, 2012

_____
EDWARD J. DAVILA
United States District Judge

Case No. 5:11-CV-02683-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

United States District Court
For the Northern District of California